United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 7, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

for the Fifth Circuit
_____

No. 03 - 60802
_____

BEATRIZ DOMINGUEZ-COTA; GUADALUPE GLORIA COTA-LEYVA, Individually
and on behalf of the wrongful death beneficiaries of Leticia
Dominguez-Cota, Deceased; MARIA GUADALUPE LARA-DOMINGUEZ;
GUADALUPE GLORIA COTA-LEYVA, Individually and on behalf of the
wrongful death beneficiaries of Axel Dominguez, Deceased.

Plaintiffs-Appellants-Cross-Appellees,


VERSUS

COOPER TIRE & RUBBER CO., JOHN DOES 1-20,

Defendants- Appellees.

and

GENERAL MOTORS CORPORATION; JOHN T. EBERT,

Defendants-Cross-Defendants-
Appellees-Cross-Appellees,

VERSUS

VICENTE DOMINGUEZ-MENDOZA,

Defendant-Cross-Claimant-
Appellee-Cross-Appellant
_____

Appeal from the United States District Court for the Northern
District of Mississippi

_____

Before REAVLEY, DAVIS and WIENER, Circuit Judges,

PER CURIAM:

This is an appeal from an order granting the Defendants'

-1-

motion to dismiss the Plaintiffs' claims on the basis of forum non conveniens. For the reasons set forth below, we vacate the order and remand the case to the district court.

## I.

The underlying litigation in this appeal arises out of a single vehicle accident that occurred on June 26, 2001, on a Mexican national highway in Camino Tijuana/Cabo San Lucas, Mexico. Plaintiffs, all of whom are Mexican nationals, allege that the General Motors vehicle in which they traveled as well as a Cooper Tire & Rubber Company tire on the vehicle, were defective and contributed to the accident. The Plaintiffs have also named Vincente Dominguez-Mendoza, their family member and the driver of the vehicle, as a defendant in the underlying action, alleging negligence and that he was thus at least partially responsible for causing the accident. The district court dismissed the action based on forum non conveniens.

## II.

In granting the Defendants' motion, the district court reached the forum non conveniens issue before deciding whether it had subject matter jurisdiction over the controversy. It is a settled principle that, "before proceeding with a case, federal trial and appellate courts have the duty to examine the basis for their subject matter jurisdiction, doing so on their own motion if necessary". Torres v. Southern Peru Copper Corp., 113 F.3d

540, 542 (5th Cir. 1997).[1] Appellees argue that the Supreme

Court's holding in <u>Ruhrgas AG v. Marathon Oil Co., et al.</u>, 526

U.S. 574 (1999), grants courts the discretion to evaluate

threshold "non-merits issues" before ruling on subject matter

jurisdiction. Characterizing forum non conveniens as such a "non-

merits issue", Appellees argue that the district court's

dismissal of this case was justified. Appellees read <u>Ruhrgas</u> too

broadly.

In <u>Ruhrgas</u>, the Supreme Court held only that, while Article

III "requires a federal court to satisfy itself of its

jurisdiction over the subject matter before it considers the

merits of a case", <u>Ruhrgas</u>, 526 U.S. at 583, the district court

did not abuse its discretion in evaluating personal jurisdiction

before it reached subject matter jurisdiction. We disagree with

Appellee that the Supreme Court's holding can be stretched to

encompass "non-merits" issues, other than jurisdiction, such as

forum non conveniens.

Thus, we hold that the district court erred in dismissing

the case on forum non conveniens grounds without first

determining whether it had subject matter jurisdiction.

In so holding, we disagree with other Circuits that have

---

[1]See also, 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶12.30 (Matthew Bender 3d edition), "[E]ven if the litigants do not identify a potential problem [with respect to subject matter jurisdiction], it is the duty of the court – at any level of the proceedings – to address the issue sua sponte whenever it is perceived".

addressed this issue, namely the 2nd Circuit and the DC Circuit. See <u>In the Matter of Arbitration between Monegasque De Reassurances S.A.M. v. Nak Naftogaz of Ukraine</u>, 311 F.3d 488, 497 – 498 (2nd Cir. 2002). <u>See also</u> <u>In re Minister Papandreou</u>, 139 F.3d 247 (D.C. Cir. 1998). In <u>Monegasque De Reassurances S.A.M.</u>, the Second Circuit held that, because it was not being called upon to decide a constitutional issue, it was not first required to pass on the question of jurisdiction before ruling on forum non conveniens, a creature of statute. <u>Monegasque de Reassurances S.A.M.</u>, 311 F.3d at 498. Similarly, in <u>Papandreou</u>, a case decided before <u>Ruhrgas</u>, the D.C. Court of Appeals held that "what is beyond the power of courts lacking jurisdiction is adjudication on the merits, the act of deciding the case". <u>Papandreou</u>, 139 F.3d at 255. The holding, therefore, is that an issue not involved with the merits is *not* beyond the power of courts lacking jurisdiction. The arguments of both courts are represented by the following passage from the D.C. opinion:

> Thus, although subject-matter jurisdiction is special for many purposes (e.g., the duty of courts to bring it up on their own), a court that dismisses on other non-merits grounds such as forum non conveniens and personal jurisdiction, makes no assumption of law declaring power that violates the separation of power principles underlying *Mansfield* and *Steel Company*.

<u>Papandreou</u>, 139 F.3d at 255. Thus, both Circuits label forum non conveniens as a non-merits issue and so hold valid the process of using forum non conveniens as a grounds for dismissal where

-4-

subject matter jurisdiction has not first been decided. For the following reasons, we disagree with this analysis.

Before the Supreme Court decided <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83 (1998), courts sometimes employed a doctrine similar to that followed by the 2nd and D.C. Circuits. This doctrine, called "hypothetical jurisdiction", allowed a court to assume jurisdiction for the purpose of deciding the merits of the case without first assessing the court's jurisdiction. The Court, in <u>Steel Co.</u>, rejected this technique and held that subject matter jurisdiction must be decided first. <u>Steel Co.</u>, 523 U.S. at 94. In <u>Ruhrgas</u>, the Court reinforced <u>Steel Co.</u>'s holding, but relaxed it with respect to personal jurisdiction. That is, the Court held that where a district court is "convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved" and has before it a straightforward personal jurisdiction issue, then the court does not abuse its discretion by turning directly to personal jurisdiction. <u>Ruhrgas</u>, 526 U.S. at 588.

Appellants urge an expansive reading of <u>Ruhrgas</u>, arguing that the Supreme Court authorized a court to pretermit a ruling on jurisdiction and decide the case on any "non-merits" issue. They then characterize forum non conveniens as a non-merits issue. As stated above, we do not read <u>Ruhrgas</u> broadly enough to allow us to pretermit a decision on jurisdiction before deciding some other "non-merits" issue. Even, however, if we could read

-5-

Ruhrgas that broadly, we are satisfied, based on our precedent, that "the question of the convenience of the forum is not 'completely separate from the merits of the action.'" Van Cauwenbreghe v. Biard, 486 U.S. 517, 527 -28 (1988). See also Partrederieit Treausre Saga v. Joy Mfg. Co., 804 F.2d 308, 310 (5th Cir. 1986).

> The forum non conveniens inquiry consists of several steps.
>
> First, the defendant invoking the doctrine must establish that an alternate forum is both available and adequate. *An available forum is one where the case and all the parties can come within its jurisdiction...*
> Having established an available and adequate forum, the defendant must then show that certain private factors support dismissal. These private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (3) probability of an opportunity to view the premises, if view would be appropriate to the action; and (4) other factors affecting the ease, speed, and expense of trial or the enforceability of a judgment if obtained.
> If these private interest factors do not indicate that another forum is better suited for trial of the case, the court should then examine certain public interest factors...The public interest factors are: The administrative difficulties flowing from court congestion, the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Brokerwood Products International, Inc. V. Cuisine Crotone, Inc., No. 03-30622, 2004 U.S. App. LEXIS 14224, at **17 (5th Cir. July 9, 2004). In order to apply this analysis, the court must look at the particular facts of the case, and to this extent, it must

reach the merits. For example, the court, in evaluating the "private factors" must review the evidence in order to determine whether or not it will be accessible in the respective forums and consider the fairness of litigating in the respective forums and evaluate the difficulty of litigating the case in a forum which has few contacts with the litigants or with the accident. For these reasons the Supreme Court, in <u>Biard</u>, found that when a federal court considers the private and public interest factors of a forum non conveniens analysis, "the district court becomes entangled in the merits of the underlying dispute". <u>Biard</u>, 486 U.S. at 528 (1988). As a result, therefore, we are unable to characterize forum non conveniens as a "non-merits" issue akin to personal jurisdiction.

For the above reasons, we vacate the district court's order and remand the case to the district court to determine whether it has subject matter jurisdiction over this controversy.

VACATED and REMANDED.